# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. HOCKING et al, ) | Case No.: CV-F-03-6167-TAG |
| Plaintiff, ) | |
| ) | ORDER FOR NEUTRAL EVALUATION |
| vs. ) | |
| ) | |
| COUNTY OF KERN, et al ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND RELATED CROSS CLAIMS ) | |

    Pursuant to request of the parties, the Court finds good cause to refer this case to the Court's Early Neutral Evaluation Program (ENE). The Court's records reflect that this case was referred to the ENE program earlier this year. However, it has come the Court's attention that for a variety of reasons, this case had not had the benefit of a neutral evaluation. To the extent that this case was filed in 2003, it is somewhat of a misnomer to refer to the requested neutral evaluation as an "early" neutral evaluation. Nevertheless, the Court believes there is still a benefit to be derived from the parties' participation in the ENE, and, to the extent that the ENE evaluator, Attorney Leonard K. Welch, remains willing to conduct the ENE (as he was earlier), the Court makes the following orders.

    All parties and counsel are reminded that the purpose of the ENE Program is to reduce the cost of litigation. Toward this end, the ENE Program gives litigants an opportunity to present their case to a neutral attorney with considerable experience in the relevant subject area, to see comparable presentation(s) by their opponent(s), to receive an objective evaluation of the relative strength and

weaknesses of the parties' positions, to discuss settlement, and if no settlement is reached, to develop a streamlined discovery (to the extent applicable), that will facilitate the efficient production of the information the parties need to explore the possibility of settlement more thoroughly.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Attorney Leonard K. Welsh is appointed to act as an ENE evaluator in this case. Attorney Welsh has previously agreed to serve as an ENE evaluator in this case. If Attorney Welsh is no longer available or willing to act as an ENE evaluator in this case, he must notify the Court in writing of his unavailability or unwillingness to serve as an ENE evaluator, no later than TUESDAY, NOVEMBER 15, 2005. The Court is cognizant of the fact that there is no charge of any kind for the services the ENE Program provides, and understands that time constraints and scheduling issues can be critical to an ENE evaluator's availability to conduct an ENE session.

2. With the foregoing in mind, the parties shall contact Attorney Welsh no later than FRIDAY, NOVEMBER 18, 2005 to propose at least three (3) mutually acceptable dates for an ENE session, and to arrange with Attorney Welsh for a ENE session date. The ENE session shall take place no later than December 31, 2005. Attorney Welsh's contact information is: Leonard K. Welsh, Klein, DeNatale, Goldner et al, 4550 California Avenue, Second Floor, Bakersfield, California, 93301, telephone number (661) 395-1000.

3. No later than seven (7) days prior to the ENE session with Attorney Welsh, each party must file a written evaluation statement with Attorney Welsh and send a copy to opposing counsel. The written evaluation statement must not exceed ten (10) pages and shall conform to the following guidelines:

A. Give a brief statement of the facts;

B. Identify the pertinent principles of law;

C. Identify the legal and factual issues in dispute;

D. Address whether there are any legal or factual issues whose early resolution might reduce the scope of the dispute or contribute significantly to the productivity of settlement discussions;

E. To the extent applicable, identify the discovery that promises to contribute most to meaningful settlement negotiations; and

F.  Identify the person(s) in addition to counsel who will attend the ENE session as that party's representative with **full** settlement authority.

4. Lead trial counsel and their client, or an authorized representative with **full** settlement authority, is required to attend the ENE session in person.

5. There is no charge of any kind for the services the ENE Program provides.

6. At the ENE session each attorney and/or each party will be expected to make a short (15-30 minutes) informal presentation of his/her side of the case, supporting his/her position with documents to the extent practicable.

7. All written and oral statements made in connection with the ENE session are confidential and cannot be used in any aspect of the case for any purpose. The ENE evaluator will not communicate with the assigned judge about the merits of the case or about what occurred at the evaluation session, other than to report whether the case settled or did not settle.

8. After the parties present their case and answer questions, the ENE evaluator will explore settlement by caucusing with the parties, communicating offers and counter-offers, and utilizing mediation techniques to focus the parties and their attorneys on their chances of success on legal and factual issues, to quantify their chance of success, and to assess the costs of continuing to litigate unresolved issues.

9. If settlement efforts fail, the ENE evaluator will give his opinion of each party's chance of success, the range of damages, and his opinion of the probable outcome if the case were tried.

10. The ENE evaluator's assessments and recommendations will be purely advisory; they will not be communicated to the Court, and can have no binding effect on discovery, motion practice, or other aspects of preparation for trial. Only the assigned judge can control these matters.

IT IS SO ORDERED.

**Dated:   November 7, 2005**          /s/ Theresa A. Goldner
                                       UNITED STATES MAGISTRATE JUDGE